IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATANGYA JACKSON,**<br><br>   Plaintiff,<br><br>v.<br><br>**NATIONAL CREDIT SYSTEMS, INC.,**<br><br>   Defendant. | CIVIL ACTION FILE NO:<br><br>1:16-cv-01029-ODE-WEJ<br>Hon. Judge Orinda D. Evans<br>Magistrate Judge Walter E. Johnson |

**PLAINTIFF'S BRIEF IN REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO HER MOTION FOR SUMMARY JUDGMENT**

COMES NOW LATANGYA JACKSON Plaintiff in the above-styled action, and files this, her Brief in Reply to Defendant's Objection to Her Motion for Summary Judgment, and shows this Honorable Court as follows:

**I.   Plaintiff is entitled to summary judgment for Defendant's transgressions of the FDCPA.**

**a. Plaintiff has supplied unrebutted evidence that the debt Defendant attempted to collect is invalid.**

Defendant erroneously claims that Plaintiff cannot point to any evidence in the record to establish the threshold issue that the debt Defendant sought to collect from Plaintiff was in fact invalid. However, Plaintiff supplied an affidavit statement that she never owed the debt in question, and Defendant has supplied no evidence that the debt was owed. (Doc. 17-3, ¶ ). Defendant has not adequately

denied this statement pursuant to LR 56.1, so the fact is deemed admitted for the purpose of Plaintiff's motion. A response to the movant's statement of undisputed facts "shall contain individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts." LR 56.1. Further, LR 56.1 (B)(2)(a)(2) requires this Court to deem facts admitted unless the respondent:

(i)   directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number);
(ii)  states a valid objection to the admissibility of the movant's fact; or
(iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1).

The court will deem the movant's citations supportive of its facts unless the respondent specifically informs the court to the contrary in the response. LR 56.1 (B)(3). Defendant, having failed to deny Plaintiff's sworn statement within the parameters of LR 56.1 has admitted that the debt was not owed.

In Plaintiff's Statement of Undisputed Material Facts, Paragraph 1, she states that "Plaintiff does not owe an alleged consumer debt, which Defendant attempted to collect from Plaintiff." In support thereof, Plaintiff cites to the Affidavit of Latangya Jackson ¶¶ 9; 10; 12. Paragraph 12 of the Affidavit of Latangya Jackson states clearly that "At all times material hereto, [Plaintiff] did not and ha[s] never owed a debt to Ashton Windmill LP' [Creditor]." [Doc. 17- 3].

2

In response, Defendant states "NCS admits only that Plaintiff's account placed with NCS for collection and that it was recalled by NCS' client on March 29, 2016."

Defendant does not refute the fact with a concise response supported by citation to evidence or state a valid objection to the admissibility of the fact, but does attempt to point out that movant's citation does not support Plaintiff's fact. To such end, Defendant claims "Plaintiff's affidavit does not conclusively establish or support Plaintiff's assertion that the debt was invalid on March 8, 2016. Plaintiff's affidavit includes no dates upon which this conclusion can be reached." Yet Plaintiff's evidence shows with specificity that no debt was ever owed by Plaintiff. "Paragraph 12 of Plaintiff's Affidavit states that at all material times, Plaintiff did not owe the alleged debt, and has never owed a debt, to the "creditor", Ashton Windmill LP. [Doc. 17- 3]. Defendant provides no evidence to refute this statement, so the Court must deem this fact admitted. Defendant is mistaken, and Plaintiff's motion must be granted.

Defendant cannot overcome the presumption that the debt is invalid through stating legal conclusions or inadmissible evidence, claiming "Cobblestone Apartments represented in writing that Plaintiff's account was accurate at the time of placement with NCS," which must be supported by admissible evidence.

> A nonmoving party, opposing a motion for summary judgment
> supported by affidavits, cannot meet the burden of coming forth with

> relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial. The evidence "cannot consist of conclusory allegations or legal conclusions. Unsupported self-serving statements by the party opposing summary judgment are insufficient to avoid summary judgment.

*Bagwell v. Peachtree Doors & Windows, Inc.*, 2011 U.S. Dist. LEXIS 42262, *34-35 (N.D. Ga. Feb. 8, 2011) (Quotation and Citations omitted). Defendant claims that "Cobblestone Apartments represented in writing that Plaintiff's account was accurate at the time of placement with NCS," [Doc. 20-1 ¶28] [Doc. 20-1 ¶28]. As laid out in more detail in the next section, this evidence is inadmissible under the best evidence rule. Defendant cannot meet its burden by relying on this evidence that would be inadmissible at trial. Defendant has provided nothing to overcome the presumption created in support of Plaintiff's motion.

   b. <u>Defendant's Bona Fide Error Defense is unpersuasive</u>.

Defendant mistakenly claims that summary judgment is inappropriate because its transgression of the FDCPA resulted from a bona fide error that occurred despite NCS' procedures which Defendant claims are reasonably adapted to avoid the specific error complained of. Yet Defendant fails to provide any credible evidence to support this claim. A debt collector asserting the bona fide error defense must show by a preponderance of the evidence that its violation of the Act (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error.

*Edwards v. Niagra Credit Solutions, Inc.*, 583 F.3d 1350, 1352-1353 (11th Cir. 2009) ("The failure to meet any one of those three requirements is fatal to the defense."); 15 U.S.C. § 1692k(c). The required procedures must be reasonably adapted to avoid the specific error at issue. *Johnson v. Riddle*, 443 F.3d 723, *729 (10th Cir. Utah 2006). Further, "the procedures . . . must be explained, along with the manner in which they were adapted to avoid the error." *Bacelli v. MFB, Inc.*, 729 F. Supp. 2d 1328, 1332-1333 (M.D. Fla. 2010), citing *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008). "A conclusory declaration that the debt collector maintained procedures to avoid error is insufficient." *Id.*

While the FDCPA "generally imposes no duty on a debt collector to independently verify information provided by a creditor," "the 'bona fide error' defense does not protect a debt collector such as Defendant whose reliance on a creditor's representation is unreasonable. The bona error defense requires a defendant to show that it maintains procedures reasonably adapted to avoid error. *Bacelli*, 729 F. Supp. 2d 1328 at 1334. For example, to avoid the collection against debtors who are in bankruptcy, a reasonable policy would be "(a) an understanding with creditor-clients that they will not knowingly refer accounts subject to a bankruptcy filing and will notify the debt collector if they afterwards discover the fact together with (b) prompt cessation of collection efforts upon notification of a bankruptcy filing". *Id.* at 1335. Defendant refers to no such agreement with its

creditors that they will no knowingly refer invalid debts, or notify the debt collector if they afterwards discover that a debt is invalid.

In *Bacelli*, the debt collector averred that it relied on its creditor-clients to provide relevant, accurate information on a debtor's account, including whether a debtor had filed for bankruptcy. The district court held that this reliance (even when coupled with procedures to prevent collection efforts after receipt of notice that an account was subject to a bankruptcy filing) was insufficient as a matter of law to support the bona fide error defense, because "the debt collector's reliance on creditor-clients to provide the information was merely an unfounded assumption, not supported by any fact or any understanding or agreement with the creditor-clients." *Id.* at 1335-1336. Defendant has similarly assumed that the debt at issue here was valid, which is untrue.

The error in question is the collection of a debt that was not owed. Defendant claims to have adopted "procedures reasonably adapted to avoid such error." However, Defendant has not explained how the procedures were adapted to avoid the collection in a situation such as this where the debt is not owed. The conclusory evidence supplied in support of Defendant's alleged bona fide error is that "the account was investigated prior to collection. [Doc. 20-1 ¶¶ 28-30] and that "NCS ran Plaintiff's name through bankruptcy and deceased persons, databases", and "ran Plaintiff's name through Rent Bureau and updated

information." [Doc. 20-1 ¶¶ 29-30. There is no explanation provided of how the procedures, along with the manner in which they were adapted avoid the error that occurred.

The scant affidavit provided in support of the defense is inadequate to overcome the evidence showing a violation of the FDCPA without proper procedures in place to avoid the same. Until responding to Plaintiff's motion to dismiss, Defendant has provided no evidence of Bona Fide Error in this case, and now—besides the inadequate and unsubstantiated purported "procedure" of requiring creditors to represent in writing that all accounts are accurate at the time of placement with NCS—no other described "procedures" are reasonably adapted to avoid the specific error at issue. The cited evidence states that "Cobblestone Apartments represented in writing that Plaintiff's account was accurate at the time of placement with NCS," [Doc. 20-1 ¶28]. Like the debt collector in *Bacelli*, Defendant's reliance on creditor-clients to provide the information on the debt was merely an unfounded assumption, not supported by any fact or any understanding or agreement with the creditor-clients.

Further, the best evidence rule prevents consideration of the alluded to written representation from the creditor. The evidence is inadmissible:

> The best evidence rule provides that the original documents must be produced to prove the content of any writing, recording or photograph…An original is not required if it is lost or destroyed, unless it is unavailable through bad faith…A duplicate is admissible

>to the same extent as an original, unless there is a genuine question of authenticity or it would be unfair to admit the duplicate.

*United States v. Flanders,* 752 F.3d 1317 (11th Cir. 2014). *See also MKT Reps S.A. DE C.V. v. Std. Chtd. Bank Int'l (Americas) Ltd.*, 520 Fed. Appx. 951 (11th Cir. 2013) (subject to some exceptions, the best evidence rule requires admission of an original writing in order to prove its content). Here, Defendant claims that it has a written representation from Plaintiff's former landlord that the debt is valid, and Plaintiff denies that any representation could have been made, since no debt ever existed. Defendant has not provided evidence to support its claim, so this court must not consider it as evidence of a bona fide error. Defendant has not attached any representation by the creditor that the debt was valid, so the testimony that such representation exists must be disregarded as inadmissible at trial.

Defendant further asserts a bona fide error because "the account was, in fact, updated in a timely fashion and in accordance with policy, NCS ceased all communication attempts immediately when Plaintiff indicated she was represented by counsel, and immediately upon receipt of information from its client, NCS closed this account. [Doc. 20, p. 10]. No explanation is provided of how these procedures avoid the collection of an invalid debt. Defendant has no bona fide error defense.

    c. <u>Plaintiff has shown through record evidence that NCS made false or misleading representations</u>.

Plaintiff has provided adequate evidence of an FDCPA § 1692e violation. "[I]f there was no valid debt to collect on, then the [plaintiffs] have a viable FDCPA claim…" *Werbicky v. Green Tree Servicing, LLC*, 2016 U.S. Dist. LEXIS 40327, *16 * (D. Nev. Mar. 28, 2016); see also *Muller v. Midland Funding, LLC*, 2015 U.S. Dist. LEXIS 65861 * (S.D. Fla. May 20, 2015) (denying a motion to dismiss claims under §§ 1692e(2)(A) and 1692e(10) of the FDCPA where plaintiff alleged that a collection letter falsely represented that he owed a $3,603.35 debt, which the plaintiff claimed never existed).

The fact is that Defendant initiated debt collection activities against Plaintiff, claiming that a debt was owed by her. When Plaintiff received phone calls from National Credit Systems, Inc. demanding payment on an alleged debt owed to Plaintiff's former landlord, she felt pressure to pay. [Doc. 17- 3, ¶13]. Defendant has not denied Plaintiff's claim that the debt was invalid. Plaintiff has properly moved for summary judgement on her FDCPA claim.

## II. Plaintiff is entitled to summary judgment for Defendant's transgressions of the TCPA.

### a. <u>Defendant's Admission in Judicio that Defendant made telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system is conclusive evidence</u>.

Defendant erroneously believes that it is not bound by its admission in judicio that it utilized an automatic telephone dialing system to call Plaintiff. However, the well-settled law is that admissions in an answer are deemed judicial

9

admissions of fact, binding on the party who makes them. See *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983) ("[A] party is bound by the admissions in his pleadings."); *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 718-19 (11th Cir. 2011) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106, 34 F.T.C. 1800 (5th Cir. 1941)). These "judicial admissions are proof possessing the highest possible probative value. Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Best Canvas Prods.*, 713 F.2d at 621 (internal quotation marks omitted). Consequently, where a defendant admits a particular fact in his answer, he is estopped to deny it later. *Columbus Bank & Trust Co. v. McKenzie Trucking & Leasing LLC*, 2009 U.S. Dist. LEXIS 98882, *10-11 (M.D. Ga. Oct. 23, 2009), citing *United States ex rel. Stanley v. Wimbish*, 154 F.2d 773, 774 (4th Cir. 1946); see also Davis v. A.G. Edwards & Sons, Inc., 823 F.2d 105, 108 (5th Cir. 1984) (per curiam) ("[F]actual assertions in pleadings are . . . judicial admissions conclusively binding on the party that made them. Facts that are admitted in the pleadings are no longer at issue." (alterations in original; citations and internal quotation marks omitted)).

"Even if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions." *Columbus Bank & Trust Co.*, 2009 U.S. Dist. LEXIS 98882 at *11, citing *Mo. Hous. Dev. Comm'n*, 919 F.2d at 1314; see also Davis, 823 F.2d at 108 (holding that plaintiffs were bound by admissions in pleadings and that no factual issue was created by plaintiff's subsequent, contradictory affidavit).

Thus, where a Defendant roofer was hired to do some roofing work, and admitted in its answer that it "employed [another roofing company] to perform the work on the roof;" that [the subcontractor] violated the state minimum codes and Bartow County Building Code Ordinances, specifically the International Building and Plumbing Codes; that the roof work was negligently performed… and that [the subcontractor's] negligence caused the roof to collapse," the Northern District Court found that the defendant's admissions established those facts, supporting summary judgment against the defendant. *Hobby Lobby Stores, Inc. v. Woodall Roofing Co.*, 2012 U.S. Dist. LEXIS 192607, *23 * (N.D. Ga. Sept. 24, 2012).

This result logically flows from an admission in judicio in an answer because "[s]ummary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

11

party is entitled to a judgment as a matter of law.'" (emphasis supplied) Cooper v. Southern Co., 390 F.3d 695, 723 (11th Cir. 2004), quoting Fed. R. Civ. P. 56(c).

Like the Defendant in *Hobby Lobby v. Woodall*, Defendant made an Admission in Judicio, which is that Defendant made telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system. [Doc. 8 ¶ 41]. This judicial admission is "proof possessing the highest possible probative value" both established "beyond the need of evidence to prove" and "beyond the power of evidence to controvert..." *Best Canvas Prods.*, 713 F.2d at 621. In response to the Complaint, Defendant admits that Defendant made telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system, and that Defendant initiated these automated calls to Plaintiff's cellular telephone using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using a random or sequential number generator as defined by § 227(a)(1) of the TCPA. [Doc. 8 ¶ 41]. Defendant has even advertised on its website that it used an automatic telephone dialing system that utilizes "[t]echnologies such as dialing automation" [Doc. 17- 4], admitted to by Defendant in its responses to Plaintiff's request for admissions, [Doc. 17- 5 ].

Defendant's references to later denials of this admission, and attempts to persuade this court that Defendant did not utilize an automatic telephone dialing system are unpersuasive. Conflicting post-pleading evidence and a contradictory

12

affidavit are of no avail. *Columbus Bank & Trust Co.*, 2009 U.S. Dist. LEXIS 98882 at *11, citing *Mo. Hous. Dev. Comm'n*, 919 F.2d at 1314; see also *Davis*, 823 F.2d at 108. Further, Defendant's claim that it should not be held by counsel's mistake in admitting that it used an automatic telephone dialing system is unpersuasive because "'there is no constitutional or statutory right to effective assistance of counsel in a civil case,'… '[i]n civil cases, attorneys act as the agents of their clients, and a party cannot 'avoid the consequences of the acts or omissions of this freely selected agent', and 'a litigant is generally bound by all acts and omissions of his attorney.'" *Patriot Fire Prot., Inc. v. Fuller (In re Fuller)*, 2016 Bankr. LEXIS 4176 * (Bankr. N.D. Ga. 2016), citing *Mekdeci ex rel. Mekdeci v. Merrell Nat'l Labs., a Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1521 (11th Cir. 1983) (quoting *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1981)), *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634-35, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); and *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 719 (11th Cir. 2011) (per curiam), respectively. Defendant's Admission in Judicio that Defendant made telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system is a fact established in this case. Plaintiff has properly moved for summary judgement on her TCPA claim.

### III. Conclusion

Plaintiff has supplied unrebutted evidence that the debt Defendant attempted to collect was invalid. Defendant's Bona Fide Error Defense is unpersuasive. Plaintiff has shown through record evidence that NCS made false or misleading representations. Defendant's Admission in Judicio that Defendant made telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system is conclusive evidence**.** For these reasons and for those already established in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion For Summary Judgment, Plaintiff's Motion for Summary Judgment should be granted.

Respectfully submitted,

Dated: January 17, 2017

**SMITH, WELCH, WEBB & WHITE, LLP**
By:  **s/Orion G. Webb**
Orion  G. Webb, Esq.
Attorney I.D.#479611
280 Country Club Drive}
Suite 300
Stockbridge, Georgia 30281
T. (770) 389-4864
F. (770) 389-5191
owebb@smithwelchlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that on January 17, 2017, I electronically filed Plaintiff's COMPLAINT with the Clerk of Court using the CM/ECF system and provided all parties with a Notice and Waiver of the Service of Summons.

**SMITH, WELCH, WEBB & WHITE, LLC**

**/s/ Orion G. Webb**
ORION G. WEBB
Georgia State Bar No. 479611
Attorney for Plaintiff

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Plaintiff's counsel hereby certifies that this pleading has been prepared with one of the font and point selections approved by the Court in L.R. 5.1.

**SMITH, WELCH, WEBB & WHITE, LLC**

**/s/ Orion G. Webb**
ORION G. WEBB
Georgia State Bar No. 479611
Attorney for Plaintiff